## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
|       Plaintiff, ) | |
| vs. ) | CASE NUMBER: CR418-260 |
| ) | |
| TYLER SHUMAN, ) | |
|       Defendant. ) | |

### MOTION TO DETERMINE EXISTENCE AND IDENTITY OF CONFIDENTIAL INFORMANT OR SOURCE AND MEMORANDUM OF LAW

Comes now, the Defendant herein, by and through his counsel, and without waiving any rights, pursuant to Rule 12(b)(1) and Rule 12(b)(4)(B) of the Federal Rules of Criminal Procedure and files this request for the Government to disclose the existence of all confidential informant or confidential sources of information utilized in this case. In support of this request, Defendant states:

By filing this motion, Defendant seeks to determine whether any confidential source of information was used in this case and additionally requests that the Government be required to disclose the identity of any other confidential source if any such informant actively participated and/or was a witness to the underlying act or transaction, which serves as a basis for the prosecution and/or if the Government intends to call the informant as a witness at the trial of this case.

### MEMORANDUM OF LAW

The Fifth Circuit, in <u>United States v. Diaz,</u> 655 F.2d 580 (5th 1 Cir. 1981), recognized that it is the obligation of defense counsel to inquire, at the earliest status of a criminal case, into the existence of any confidential source of information:

In such circumstances, the appropriate procedure is for the defendant to

>file a specific pre-trial motion requesting disclosure. If the confidential informant's identity was so crucial to the [defendant's] defense as she contends on appeal, we are unable to understand why she was not more diligent in seeking disclosure.

Id. at 586.

Only after disclosure of the existence of a confidential source can Defendant even attempt to explore the role of that source in this case and determine the existence of factors, which would justify disclosure of the informant's identity. E.g., United States v. Ayala, 643 F.2d 244 (5th Cir. 1981) (balancing test applied to determine if disclosure of identity and production of informant is mandated) See Roviaro v. United States, 353 U.S. 53, 77 S. Ct. 623 (1957).

Fed. R. Crim. P. 12(b)(1) and (b)(4)(B) allows defense counsel to move pretrial for disclosure of an informant's identity. The Supreme Court has held that the Government must disclose an informant's identity in cases in which the informant actively participated and/or was a witness to the underlying act or transaction, which serves as a basis for the prosecution. Roviaro v. United States, 353 U.S. 53 (1957). Although the Roviaro holding was based on the court's supervisory powers, commentators suggest the holding to be constitutionally compelled. Westin, The Compulsory Process Clause, 73 Mich. L. Rev. 71, 165 (1974).

Based on the foregoing, Defendant respectfully requests that this Honorable Court require the Government to disclose the existence, and if appropriate under the holding of Roviaro, the identity of any confidential source of information utilized in the investigation of this case.

(Signature on next page)

                         DONALDSON & BELL
                         An Association of Professional Corporations


                   By: \_\_\_s/ William G. Bell, III\_\_\_\_
                         WILLIAM G. BELL, III
                         Georgia Bar No.:  049625
                         Attorney for Defendant

420 West Broughton Street
Savannah, GA 31401
(912) 712-3449; Fax: (877) 617-1480
wgbatty@hotmail.com

**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** )<br>**Plaintiff,** )<br>**vs.** )    **CASE NUMBER: CR418-260**<br>)<br>**TYLER SHUMAN,** )<br>**Defendant.** ) | |

**CERTIFICATE OF SERVICE**

This is to certify that I have this date served all parties of record with a copy of the foregoing Motion to Determine Existence and Identity of Confidential Informant or Source and Memorandum of Law by electronic filing via email the same to:

Greg Gullily
Assistant United States Attorney
P.O. Box 8970
Savannah, GA 31412

This 5th day of December, 2018.

                               DONALDSON & BELL
                               An Association of Professional Corporations


                               By:__s/ William G. Bell, III_____
                                     WILLIAM G. BELL, III
                                     Georgia Bar No.: 049625
                                     Attorney for Defendant

420 West Broughton Street
Savannah, GA 31401
(912) 712-3449; Fax: (877) 617-1480
wgbatty@hotmail.com